UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 08-03675-BHL-11 |
| ATA AIRLINES, INC., ) | |
| ) | |
| Debtor. ) | Adversary Proceeding No. 10-50209 |
| ) | |
| JLL CONSULTANTS, INC., ) | |
| UNSECURED CREDITOR TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| AIRPORT TERMINAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

### ANSWER TO COMPLAINT

COMES NOW Airport Terminal Services, Inc. ("**Defendant**"), by and through the undersigned counsel, and for its answer to Plaintiff's Complaint to Avoid and Recover Preferential Payments and Objection to Claim (the "**Complaint**") states as follows:

### Jurisdiction/Venue/Parties

1. Defendant admits the allegations in paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint states conclusions of law to which no response is required.

3. Paragraph 3 of the Complaint states conclusions of law to which no response is required.

4. Paragraph 4 of the Complaint states conclusions of law to which no response is required.

### Background

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant is without knowledge or information as to the allegations contained in paragraph 6 of the Complaint and, therefore, denies the same.

7. The Confirmation Order (as defined in the Complaint) speaks for itself and is the best evidence of its terms. To the extent that a further answer is required, Defendant lacks knowledge or information as to the allegations contained in paragraph 7 of the Complaint and, therefore, denies the same.

8. The Trust Agreement (as defined in the Complaint) speaks for itself and is the best evidence of its terms. To the extent that a further answer is required, Defendant lacks knowledge or information as to the allegations contained in paragraph 8 of the Complaint and, therefore, denies the same.

9. The Trust Agreement speaks for itself and is the best evidence of its terms. To the extent that a further answer is required, Defendant lacks knowledge or information as to the allegations contained in paragraph 9 of the Complaint and, therefore, denies the same.

10. The Plan (as defined in the Complaint) speaks for itself and is the best evidence of its terms. To the extent that a further answer is required, Defendant lacks knowledge or information as to the allegations contained in paragraph 10 of the Complaint and, therefore, denies the same.

## Count I
## Avoidance of Transfers Made to the Defendant Pursuant to 11 U.S.C. § 547(b)

11. Defendant incorporates its answers to paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12. Defendant is without knowledge or information regarding the contents of Debtor's records. Defendant admits that Defendant received some transfers from Debtor on or

within 90 days prior to the Petition Date, but Defendant denies the allegation that the amount of such transfers is not less than $201,242.00.

13. Defendant is without knowledge or information as to the allegations contained in paragraph 13 of the Complaint and, therefore, denies the same.

14. Paragraph 14 of the Complaint states conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 15 of the Complaint.

16. The allegations in paragraph 16 of the Complaint are ambiguous because the alleged Preferential Transfers were made at various times, and Defendant is without knowledge or information to admit or deny whether each alleged transfer was made on antecedent debt; therefore, Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant is without knowledge or information as to the allegations contained in paragraph 17 of the Complaint and, therefore, denies the same.

18. Defendant is without knowledge or information as to the allegations contained in paragraph 18 of the Complaint and, therefore, denies the same.

19. Defendant is without knowledge or information as to the allegations contained in paragraph 19 of the Complaint and, therefore, denies the same.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

WHEREFORE, Defendant requests that this Court dismiss Count I of the Complaint, enter judgment in Defendant's favor, award Defendant its costs, and grant Defendant such other and further relief as this Court deems just and proper.

## Count II
## Liability of Defendant Pursuant to 11 U.S.C. § 550

21. Defendant incorporates its answers to paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. Paragraph 22 of the Complaint states conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

WHEREFORE, Defendant requests that this Court dismiss Count II of the Complaint, enter judgment in Defendant's favor, award Defendant its costs, and grant Defendant such other and further relief as this Court deems just and proper.

## Count III
## Objection to Defendant's Claim Pursuant to 11 U.S.C. § 502(d)

26. Defendant incorporates its answers to paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. Paragraph 27 of the Complaint states conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant admits the allegations in paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint states conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant admits the allegation in paragraph 32 of the Complaint that Defendant has not paid any amount to the Trust, and Defendant denies the remaining allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegation in paragraph 33 of the Complaint that the Trustee is entitled to object to Defendant's claims.

WHEREFORE, Defendant requests that this Court dismiss Count III of the Complaint, enter judgment in Defendant's favor, award Defendant its costs, and grant Defendant such other and further relief as this Court deems just and proper.

## Count IV
### Interest and Costs

34. Defendant incorporates its answers to paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. The Demand Letter (attached as Exhibit A to the Complaint) speaks for itself and is the best evidence of its terms.

37. Defendant admits that it has not paid any money to the Trustee.

38. Defendant denies that Trustee is entitled to the relief requested in paragraph 38 of the Complaint.

5

WHEREFORE, Defendant requests that this Court dismiss Count IV of the Complaint, enter judgment in Defendant's favor, award Defendant its costs, and grant Defendant such other and further relief as this Court deems just and proper.

## Count V
### Reservation of Rights

39. To the extent a response is necessary, Defendant denies the allegations in paragraph 39 of the Complaint.

### Affirmative Defenses

40. The Complaint fails to state a claim upon which relief can be granted.

41. The relief sought in the Complaint is barred by the doctrines of estoppel, laches, waiver, res judicata and the law of the case.

42. The claims brought in the Complaint are barred by the applicable statue of limitations set forth in 11 U.S.C. § 546 and Plaintiff's failure to timely serve the Complaint.

43. To the extent Plaintiff is able to satisfy its burden of proof pursuant to 11 U.S.C. §§ 547(b) and 550, the alleged preferential transfers from the corresponding Debtor are not avoidable pursuant to:

(a) 11 U.S.C. § 547(c)(1), because the transfers: (a) were intended by Defendant and the corresponding Debtor to be a contemporaneous exchange for new value given to the corresponding Debtor; and (b) were in fact substantially contemporaneous;

(b) 11 U.S.C. § 547(c)(2), because the transfers were: (a) made in payment of debt incurred by the corresponding Debtor in the ordinary course of business or financial affairs of the corresponding Debtor and Defendant; (b) made in the ordinary course of business or financial affairs of the corresponding Debtor and Defendant; and (c) made according to ordinary business terms; and

6

(c) 11 U.S.C. § 547(c)(4), because after the transfers were made, Defendant gave new value to or for the benefit of the corresponding Debtor, not secured by an otherwise unavoidable security interest, and on account of which new value the corresponding Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

44. Defendant reserves its right to add additional affirmative defenses that may be ascertained during the course of this litigation.

## Relief Requested

WHEREFORE, Defendant requests that this Court dismiss Counts I through V of the Complaint, enter judgment in Defendant's favor, award Defendant its costs, and grant Defendant such other and further relief as this Court deems just and proper.

Dated: September 3, 2010.

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By: */s/ Callan F. Yeoman*
Callan F. Yeoman   MO#61047 EDMO#5227309
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
(314) 621-5070
(314) 621-5065 (facsimile)
cyeoman@armstrongteasdale.com

ATTORNEY FOR AIRPORT TERMINAL SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2010, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent to the following party/parties through the Court's Electronic Case Filing System. Party/parties may access this filing through the Court's system.

Jeffrey A. Hokanson
Jeremy M. Dunn
Mark A. Drummond
HOSTETLER & KOWALIK, P.C.
jeff.hokanson@hostetler-kowalik.com
jmd@hostetler-kowalik.com
mad@hostetler-kowalik.com

            */s/ Callan F. Yeoman*